IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIAN ANTHONY LUCAS,                   ) | |
|               Petitioner,        ) | C.A. No. 09-187 Erie |
|                                        ) | District Judge Maurice B. Cohill |
|         v.                                          ) | Magistrate Judge Susan Paradise Baxter |
|                                        ) | |
| CHRISTOPHER J. SINNOTT, et al.,    ) | |
|               Respondents.  ) | |

**AMENDED REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

On January 25, 2010, the undersigned issued a Report and Recommendation ("R&R") [Document No. 12] in which it was recommended that the petition for writ of habeas corpus [Document No. 1] be dismissed for failing to state a claim cognizable under 28 U.S.C. § 2254. Petitioner Darian Anthony Lucas has filed Objections to the R&R in which he contends that the instant action actually is one in mandamus under 28 U.S.C. § 1361. This amended R&R is issued to address Lucas's recharacterization of his petition for writ of habeas corpus as a petition for writ of mandamus and to recommend that it, too, be denied.

**II.     REPORT**

Lucas is a state prisoner and is presently incarcerated at the State Correctional Institution in Dallas, Pennsylvania. In or around February 1999, he filed an action in this Court under 42 U.S.C. § 1983 claiming various violations of his civil rights. Lucas v. Fetzner, *et al.*, Civil Docket No. 1:99-cv-00017 (W.D. Pa.). Ultimately, in June 2002, summary judgment was granted in favor of the defendants and the case was closed. Lucas filed a notice of appeal in the United States Court of Appeals for the Third Circuit. Lucas v. Fetzner, *et al.*, Appellate Docket No. 02-2719 (June 21, 2002). On January 6, 2003, the Third Circuit Court dismissed the appeal under 28 U.S.C. § 1915(e)(2)(B). It denied Lucas's subsequent motions to amend the judgment, for reconsideration, and to recall the mandate. By order dated April 1, 2004, the Third Circuit Court denied a second motion filed by Lucas to amend the judgment and notified him that no further post-decision submissions would be accepted for filing.

On June 19, 2009, Lucas filed in the closed civil rights case at Civil Docket No. 1:99-cv-00017 a document entitled "Petition for Review."  See Docket No. 112 in Lucas, Civil Docket No. 1:99-cv-00017.  The Honorable Maurice B. Cohill, Jr., denied the Petition for Review on June 22, 2009.  Id., Docket No. 113.  Next, on July 27, 2009, Lucas commenced this action by filing a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paying the $5.00 filing fee applicable only to actions in habeas corpus.  He raises complaints about the manner in which his civil rights action was disposed in this Court and on appeal before the Third Circuit Court.  [See Document No. 1 at 7-9].  The undersigned issued an R&R [Document No. 12] recommending that the petition be dismissed with prejudiced for failing to state a claim cognizable in habeas under 28 U.S.C. § 2254.

Lucas has filed Objections [Document No. 15] in which he contends that the instant action actually is one in mandamus under 28 U.S.C. § 1361.[1]  This is not a mandamus action, regardless of what Lucas calls it.  The relief that he seeks in this action is reconsideration of his civil rights action at Civil Docket No. 1:99-cv-00017.  Lucas is seeking this relief because he has filed so many frivolous civil actions that he now is barred from proceeding *in forma pauperis* under the Prison Litigation Reform Act (the "PLRA") at 28 U.S.C. § 1915(g).  See Third Circuit Court Order dated 10/23/2003 in Lucas v. Tennis, *et al.*, Appellate Docket No. 03-1190 (denying Lucas *in forma pauperis* status because he has had a least three prior civil actions dismissed as frivolous or for failure to state a claim).  In an effort to avoid the provisions of the PLRA, he has filed corresponding actions here and in the United States District Court for the Middle District of Pennsylvania in which he is, by way of purported petitions for habeas or for mandamus, requesting that his various civil rights actions be reopened and declared "non-frivolous."  See Lucas v. Maravich, *et al.*, 2:09-cv-01052 (W.D. Pa.); Lucas v. Maravich, *et al.*,

---

[1] 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof *to perform a duty owed to the plaintiff*." (emphasis added).  An individual seeking mandamus under Section 1361 must show that he has a clear right to the relief sought, that the respondent has a clear duty to perform the act requested, and that no adequate remedy is available.  See, e.g., Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989).  None of those factors is present here.

2:09-cv-01167 (W.D. Pa.); Lucas v. Maravich, *et al.*, 2:09-cv-01327 (W.D. Pa.); Lucas v. Forney, *et al.*, 4:09-cv-01619 (M.D. Pa.); Lucas v. Cawley, *et al.*, 4:09-cv-01850 (M.D. Pa.).

28 U.S.C. § 1361 does not confer upon a district court jurisdiction to reopen and reconsider a finally litigated action, nor does it provide a district court with any authority to compel the court of appeals to reconsider orders and decisions made by it. The purported "petition for mandamus" that Lucas has filed at this civil action number should be construed as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b) and it should be denied.

### III.    CONCLUSION

On the basis of the foregoing, it recommended that Lucas's "petition for mandamus" should be construed as a motion for relief from a judgment or order pursuant Rule 60(b) and be denied. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Lucas is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: February 5 , 2010