IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARIAN ANTHONY LUCAS,          )
          Petitioner,        )
v.                             )    C.A. No. 09-187 Erie
                               )
CHRISTOPHER J. SINNOTT, et al, )
          Respondents.       )

## MEMORANDUM ORDER

This petition for writ of habeas corpus was received by the Clerk of Court on July 27, 2009, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. The magistrate judge's first Report and Recommendation, filed on January 25, 2010, recommended that the petition for writ of habeas corpus be denied for failure to state a claim cognizable under 18 U.S.C. § 2254. Petitioner objected to the report claiming that he was not filing a habeas corpus petition, but instead was filing a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.

In response the magistrate judge issued an Amended Report and Recommendation, filed on February 5, 2010, recommending that the petition for writ of habeas corpus, which petitioner designates as a petition for writ of mandamus, should be construed as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b) and that said motion should be denied. The parties were allowed fourteen (14) days from the date of service to file

objections. Service was made on Petitioner by certified mail at SCI Dallas, where he is incarcerated. Objections to the Amended Report were filed by Petitioner on February 17, 2010.

We agree with the Amended Report and Recommendation and will dismiss this action.

In addition, on January 15, 2010, Lucas filed a Motion (Doc. 10) in which he requests that this Court reopen a now-closed civil rights case filed in this court (Civil No. 99-17 Erie) and declare it (and several other unrelated civil rights actions) "non-frivolous." Lucas is seeking this relief because he has filed so many frivolous lawsuits that he now is barred from proceeding *in forma pauperis* in civil actions under the provision of the Prison Litigation Reform Act (the "PLRA") codified at 28 U.S.C. § 1915(g). See Third Circuit Court Order dated 10/23/2003 in Lucas v. Tennis, *et al.*, Appellate Docket No. 03-1190 (denying Lucas *in forma pauperis* status because he has had a least three prior civil actions dismissed as frivolous or for failure to state a claim).[1]

Lucas's motion, as we do with his petition, must be construed as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). That rule provides that the Court may, in its discretion, provide relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

---

[1] In an effort to avoid the provisions of the PLRA, Lucas also has filed corresponding actions here and in the United States District Court for the Middle District of Pennsylvania in which he is, by way of purported petitions for habeas or for mandamus, requesting that his various civil rights actions be reopened and declared "non-frivolous." See Lucas v. Fentzer, *et al.*, 1:99-cv-17 (W.D. Pa.); Lucas v. Maravich, *et al.*, 2:09-cv-01327 (W.D. Pa.); Lucas v. Maravich, *et al.*, 2:09-cv-01052 (W.D. Pa.); Lucas v. Maravich, *et al.*, 2:09-cv-01167 (W.D. Pa.); Lucas v. Forney, *et al.*, 4:09-cv-01619 (M.D. Pa.); Lucas v. Cawley, *et al.*, 4:09-cv-01850 (M.D. Pa.).

2

released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed.R.Civ.Pro. 60(c).

None of the criteria set forth in Rule 60(b) are present here. Nor has Lucas filed this motion within a reasonable time. Accordingly, we will deny Lucas's motion as well.

After de novo review of the petition and documents in the case, together with the Amended Report and Recommendation and Petitioner's Objections thereto, the following order is entered:

AND NOW, this __6th__ day of April, 2010,

IT IS HEREBY ORDERED that the Petitioner's Motion to reopen and have declared various civil actions "non-frivolous", construed as a motion for relief under Federal Rule of Civil Procedure 60(b) (Doc. 10), be and hereby is DENIED.

IT IS FURTHER ORDERED that Darian Lucas's Petition for Writ of Habeas Corpus, designated as a Petition for Writ of Mandamus, and construed as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 3) be and hereby is DENIED.

This action is hereby DISMISSED.

The amended report and recommendation of Magistrate Judge Baxter, dated February 5, 2010, is adopted as the opinion of the court.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Judge

cc: DARIAN LUCAS
CS-2266
SCI Dallas
1000 Follies RD
Dallas, PA 18612